In the Matter of MILTON M. BERGERMAN, Individually and as Chairman of Citizens Union of the City of New York, Petitioner, against LAWRENCE E. GEROSA, as Comptroller of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, June 13, 1955.

*Samuel D. Smoleff* for petitioner.

*Peter Campbell Brown, Corporation Counsel* (*W. Bernard Richland* of counsel), for respondents.

*John P. McGrath* for James J. Lyons, intervenor-respondent.

STEUER, J. This is a proceeding under article 78 of the Civil Practice Act, directed to the comptroller of the City of New York seeking a direction to prevent him from paying any claims that may be presented to him pursuant to chapter 842 of the Laws of 1955, on the ground that such act is unconstitutional.

The statute provides that any present elected incumbent of any elective public office of any city or a county contained therein who, for any reason heretofore received as salary of such office, or any other office of the city, for any past time, a sum less than that fixed by the Constitution or any general, special or local law or municipal charter for such office, may recover the difference between the amount of salary as fixed for such period and the amount actually paid. The amount becomes payable upon the official filing a claim with the appropriate financial officer and is not barred by any laws relating to filing of claims or requirements of protest. The act further provides that the payment shall be deemed compensation for the period within which the services were rendered and a moral obligation of the city.

Petitioner claims this statute is unconstitutional for several reasons. The sections and manner in which the statute is alleged to offend the Constitution are:

1. Section 1 of article VIII, in that it constitutes a gift of city funds.

2. Section 10 of article IX, in that it grants extra compensation to city officers.

3. Section 11 of article IX, in that it is a special act applicable to the City of New York and not passed in the manner required for such acts.

4. Section 11 of article I, in that it denies the equal protection of the laws.

The first and second objections are really one. The proposed payment is ostensibly compensation and the prohibition, if

valid, would be pursuant to article IX dealing with extra compensation rather than with article VIII, which has to do with gifts. Extra compensation has been defined in connection with the constitutional provision as compensation over and above that fixed by law when the services were rendered (*Matter of Mahon* v. *Board of Education of City of N. Y.,* 171 N. Y. 263). This naturally leads to the question of what the situations are that the statute is designed to cover. In 1932, by chapter 637 of the laws of that year the city was given emergency power to reduce salaries of city officers, and suspended the operation of the City Charter in regard to salaries. Thereafter, and until 1937, the budgets of the city provided for salaries lower than those fixed in the charter. The question is therefore whether the compensation fixed by law when the services were rendered is the salary stated in the charter or that fixed in the budget as promulgated by the board of estimate and apportionment. During the period in question it is beyond dispute that the latter was what was recoverable by the incumbent (*Haggerty* v. *City of New York,* 267 N. Y. 252; *Matter of Moran* v. *La Guardia,* 270 N. Y. 450). As far as the salary for the office fixed in the charter is concerned, through constitutional legislation it was superseded by the enactments of the successive budgets and ceased to be the compensation fixed by law.

The statute recites that claims under it are " moral obligations ". That adds little to the solution of the problem. It is beyond the province of the court to consider the morality as it is the wisdom of a legislative act. Such factors are peculiarly within the purview of the Legislature and what cannot be effected need not be discussed. But the assertion that a claim is a moral obligation does not make it constitutional and *ipso facto* payable. It is true that the Legislature may waive technical objections to claims (*Matter of Benvenga* v. *La Guardia,* 294 N. Y. 526, affg. 268 App. Div. 566, affg. 182 Misc. 507). But provision for adequate compensation when the statutory compensation was less has not been regarded as a moral obligation, and " It is exactly such action on the part of the legislature that the constitutional amendment was intended to prevent." (*Matter of Mahon* v. *Board of Education, supra,* p. 266 *et seq.*)

The respondents' contention is that the charter salary remained the compensation fixed and provided by law. Were this the fact the statute would be unobjectionable in this respect. To sustain that position it would be necessary to hold that during any period it would be impossible to change the figure. As shown, the charter figure was not in law payable or recoverable

during certain years. Hence it ceased to be the salary fixed by law for that period.

As to the third specification it is claimed that the statute violates the home rule provisions of the Constitution (art. IX, § 11). On its face it does not. The court is however urged to look beyond the statute and to take judicial notice that the inclusion of all the cities of the State was merely to afford an easy passage for the law. Perhaps so. But this is no reason for a finding of unconstitutionality. In terms and effect the law applies to all cities. It may be that the sole claimants are within the city of New York. But it is by no means certain that this is so. To establish that an act though general in terms is local, it must be shown that physical facts or circumstances would limit the act to certain cities.

Lastly, the objection that there is a denial of the equal protection of the laws is resisted on two grounds. The first is that only an individual who claims to have been denied such protection can complain. This would appear to be the law (*Schieffelin v. Komfort*, 212 N. Y. 520, 529 *et seq.*). The remaining ground need not be considered.

It should be noted that insofar as the statute provides for the payment of salaries fixed by the Constitution, it is valid. The distinction between that much of the statute and the balance lies in the fact that a constitutional salary cannot be lowered except by amendment but any other can by legislative act. And when there has been such action the lower salary becomes the legal salary for the office during the existence of the legislative act and the Constitution forbids additional remuneration for the services after they have been performed.

The net result is that insofar as the statute provides for payment for past services according to a scale established by authority other than the Constitution when such salary has, for the period the services were rendered, been reduced by valid statute, it is void, and the respondents should consequently be restrained from making any such payment.

Settle order.