Howard T. Hogan, J.
Plaintiffs seek a temporary injunction restraining the defendants from constructing a swimming pool on the beach beyond a distance of 36 feet south of their lot lines. Originally the defendant Edythe Realty Corp., filed plans for a permit to construct a pool approximately 80 feet south of the lot lines which allegedly was violative of certain restrictive covenants. This application, however, was amended, and at a rehearing before the board of appeals, the application was granted, ‘1 on condition that no structure shall be more than 36 feet south of the southerly boundary line of Lot No. 10 to Lot No. 14, both inclusive, as shown on applicant’s Exhibit 1 received by the Board on December 4,1957. ’ ’ A building permit conforming to this decision was thereafter issued.
Plaintiffs have submitted no evidence to indicate that defendant will not comply with the terms of the permit but argue that if such temporary injunction is not granted, they (the plaintiffs) will be required to continually police the distance to which defendant, Edythe, may go. On this presumption should this defendant be stigmatized with an injunction? This court thinks not. The permit issued by the building department is based upon the decision of the board of appeals and is admittedly in conformity. Hence, the issues have now become moot and academic. Injunctive relief will be denied without evidence of irreparable harm which is threatened and imminent and for which there is no adequate remedy at law (Moyer v. Schleicher, 184 App. Div. 959; Reynolds v. Everett, 144 N. Y. 189; 1130 President St. Corp. v. Bolton Realty Corp., 300 N. Y. 63).
The right to a preliminary or temporary injunction is governed by balancing the equities and is granted with great caution (Maloney v. Katzenstein, 135 App. Div. 224). It should not be granted upon the possibility of the happening of some event in the future (Daroff & Sons v. Barney’s Clothes, 122 N. Y. S. 2d 124).
Accordingly, the motion is denied.