Aron Steuer, J.
Plaintiffs were Justices of the Municipal Court of the City of New York during all or part of the period 1933-1946. They bring this action to recover the difference between what they were paid by defendant city and $12,000 per year. There are two actions, some of the Justices being plaintiffs in one action, some in the other, but both actions are the same and will be considered as one.
However, the positions of all the plaintiffs are not identical. Some were in office prior to 1933; some were not. Some were in office on April 29, 1955; some were not. The significance of the latter date is that it is the effective date of chapter 842 of the Laws of 1955. That statute provides that any incumbent of any elective office created by the Constitution or general, special, or local law, who received a lesser sum in payment for his services than that fixed by the Constitution or any general, special or local law, or municipal charter, because of deficiency in the appropriation or other reason, may make a claim for the difference. The act contains exemptions and conditions not involved in this action.
*467 It is to be noted that the relief is granted to incumbents in elected municipal or county offices only. Concededly, some of these plaintiffs did not hold such offices on the effective date of the statute. To these, the statute gives no rights. They claim, however, that they are entitled to the same relief by virtue of existing law quite apart from the statute. The difficulty with that position is that it has already been adjudicated untenable (Matter of Abrams v. La Guardia, 174 Misc. 421, affd. 262 App. Div. 724, affd. 287 N. Y. 717). In that action, the Justices of the Municipal Court, including all of those who are now not incumbents, sued for the same difference in salary. The action was limited to the years 1938-1941. Aside from that difference, the relief sought was identical. It is urged that the approach and argument are different. This may well be, but the test apparently indorsed by these plaintiffs, would operate against them. The same proof would sustain both actions (Lipkind v. Ward, 256 App. Div. 74) regardless of differences in theory. As to these plaintiffs, the action must be dismissed.
As to the others, the intervention of chapter 842 of the Laws of 1955, introduces an entirely new element, so that the earlier suit is no bar. The constitutionality of the statute is an open question (Matter of Bergerman v. Gerosa, 3 N Y 2d 855). The vital question in the case is what, within the meaning of chapter 842, was the salary of these plaintiffs. From 1920 to 1926 the salary was fixed by the Municipal Court Code at $9,000 per annum, and it was held that the local legislative bodies, the Board of Estimate and the Board of Aldermen, were without power to change it (Schieffelin v. Leary, 219 App. Div. 660). The following year, the State Legislature (L. 1927, ch. 506) authorized the Board of Estimate to fix the salaries of the justices “ and the action of such board in fixing such salaries and compensation, from time to time, shall supersede the provisions of any statute fixing such salaries or compensation.” Following this, the Board of Estimate on May 12, 1927, passed a resolution fixing the salaries at $12,000 per annum. The salaries continued at this rate until 1932, when the Legislature enacted chapter 637 of the Laws of 1932. This provided that the Board of Aldermen, upon the recommendation of the Board of Estimate, should have the exclusive power to fix the salaries of any officer whose salary is paid in whole or in part out of the city treasury. The following year, 1933, the budget forwarded by the Board of Estimate to the local Legislature contained the following:
*468 11 Municipal Courts
Personal Service
2945 Salaries regular employees —
1. President Justice $15,000 (13,390.00) $ 13,390
2. Justice 62 at $12,000 (10,840.00) 672,080.”
Obviously, this recited the hitherto enacted salary and provided for a reduction of 10%. Similar budgets were adopted through 1938. In 1939, a further 10% reduction brought the salary to $9,756. In 1940, it was restored to $10,840, where it remained for the period in suit.
This history points up the question whether the Justices received in the words of chapter 842, “ a sum less than that fixed by the constitution or any general, special or local law or municipal charter ’ ’. Undoubtedly, the resolution of May 12, 1927, was a local law which fixed the salaries. The next question is — Are the resolutions of the same board recommending the budget to the Board of Aldermen and the appropriations made similarly, local laws fixing salaries'? It must be admitted that in Matter of Abrams (supra), it was held that they were. But in that ease the issue was, in the light of the resolutions, was any sum in excess of the appropriation collectible ? And the court did not have before it the distinction made in chapter 842 1 ‘ because of a deficiency in the appropriation ’ ’.
The last-mentioned provision envisions a situation where a salary has been fixed but a lesser sum appropriated and paid., Defendant urges that it can have no application where the fixing and appropriating bodies are the same. This must of necessity be true where the act of fixing and the act of appropriating are the same act. The question then becomes — What was the legislative intent? Did the Board of Estimate intend to change the resolution of 1927 when it promulgated the budget for 1933? From the form of the appropriation, it did not. No specific resolution to that effect was adopted. And, more persuasively, in making the appropriation, as quoted above, it recited the existing salary and then stated an appropriation which was less than that salary. If the appropriation was the entire salary, no point would seem to be served by reference to any former salary. It is concluded that chapter 842 has in contemplation a situation just as this.
Some distinction was sought to be made against those plaintiffs who became Justices subsequent to 1933. The above reasoning admits of no distinction as regards them. It would be otherwise if the ground of decision was a lack of power to *469 reduce the salary. Then these plaintiffs would he without cause for complaint because as to them there would be no reduction. But as the question is whether the salary of the office was changed, it would make no difference whether the particular plaintiff had previously been paid the salary or not.
The motion [Rules Civ. Prac., rule 106] is granted as to those plaintiffs who were not incumbents on April 29, 1955, and denied as to those who were.
Settle order.