■ MARIO J. CARIELLO et al., Respondents, and HAROLD J. CRAWFORD et al., Appellants, v. CITY OF NEW YORK, Appellant-Respondent.— [2448] Separate appeal and cross appeal from the order entered March 24, 1959, denying in part defendants' motion to dismiss the complaint are dismissed as the said order has been reviewed on the appeal from the judgment decided simultaneously herewith. [2449–2450] In conformity with the views herein expressed, the order entered March 24, 1959 is unanimously modified, and the order entered October 9, 1959 is unanimously reversed on the law. The judgment entered October 28, 1959 is unanimously modified on the law, and the complaint dismissed as to all plaintiffs, and, as so modified, is affirmed. The plaintiffs, all former or present Justices of the Municipal Court or the legal representatives of those who are deceased, seek recovery of salary differentials for all or part of the period between 1933 and 1946. The claims are predicated upon the alleged right extended to them pursuant to chapter 842 of the Laws of 1955. It has been held that the Municipal Court is not a constitutional court, and that the compensation of its Justices is not protected against reduction by appropriate legislative action (see *Haggerty* v. *City of New York,* 267 N. Y. 252; *Matter of Gresser* v. *O'Brien,* 263 N. Y. 622). Some of the plaintiffs here were among 53 Municipal Court Justices who sought, in an article 78 proceeding, to recover salary differentials for a period of time included within the years covered by this action (*Matter of Abrams* v. *La Guardia,* 174 Misc. 421, affd. 262 App. Div. 724, affd. 287 N. Y. 717). It was there held that the Legislature did effectively delegate to the Board of Estimate the power to fix the salaries of the Justices of the Municipal Court, including the power to reduce such salaries during the terms of office of the incumbents. *Abrams* (*supra*) is not a bar to any of the plaintiffs here who participated in that action, for this case is grounded on a legislative act subsequently adopted. *Matter of Bergerman* v. *Gerosa* (208 Misc.

477, affd. 2 A D 2d 659, no opinion, FRANK, J., dissenting, affd. 3 N Y 2d 855, no opinion) involved the same statute as is under consideration here. In that case recovery was sought by a Borough President whose salary was fixed by the Charter of the City of New York rather than by Board of Estimate resolution, as here. Nevertheless, Special Term in holding that the statute was violative of the constitutional provisions said (p. 480) : " The net result is that insofar as the statute provides for payment for past services according to a scale established by authority other than the Constitution when such salary has, for the period the services were rendered, been reduced by valid statute, it is void ". Since the issue of constitutionality in respect of payments for past services was squarely raised, the affirmance by the Appellate Division, and later by the Court of Appeals must be deemed conclusive in the cases at hand. Under the circumstances, and in view of the clear import of decisional authority, we hold that the plaintiffs may not recover the salary differentials sought in the complaint. Concur — M. M. Frank, J. P., Valente, McNally, Stevens and Bergan, JJ. [15 Misc 2d 466.]