Morrie Slifkin, J.
In an action for a permanent injunction, the city applies for an injunction pendente lite restraining defendants from proceeding with the construction of a 46-unit apartment building at 47 Alta Avenue, Yonkers, New York. Defendants cross-move for an order dismissing the complaint on the grounds that (1) it fails to state a cause of action, and (2) the principle of res judicata applies.
A temporary restraining order was previously obtained by the city pursuant to an order of this court dated July 14, 1971. The restraining order is vacated, plaintiff’s motion is denied, and defendants’ cross motion is granted in all respects.
Previous litigation between the present defendants and the Superintendent of the Building Department, City of Yonkers culminated in an affirmance by the Appellate Division, Second Department, of an order directing the Superintendent to issue a building permit for the construction of the apartment complex. (Matter of Dyl & Dyl Development Corp. v. Bldg. Dept. of City *705 of Yonkers, 35 A D 2d 910.) The decision of Mr. Justice Hoyt dated January 6, 1970 states his conclusion that the defendants’ amended plans, filed with the Building Superintendent on May 17, 1968, were complete. Plaintiff now insists that although a building permit was issued in compliance with the court’s order, it has been subsequently revoked by operation of law.
The thread of plaintiff’s argument is that the issuance of the permit was conditional. First, it maintains that additional building plans were required to depict the necessary improvement of South Waverly Street along a 100-foot length terminating on defendants’ property. Second, the City Council’s approval of these plans was requisite. At the argument before this court plaintiff asserted that neither condition had been met. Acting on the suggestion that an amicable resolution of the problem might be had if defendants were to submit their plans anew to the City Engineer and await City Council action, defendants returned to the court in early September completely frustrated. The City Engineer and defendants reached agreement on the improvement proposal submitted by defendants. However, for reasons not relevant to the merits of the issues involved, the City Council refused to authorize an appropriate resolution permitting the improvement of South Waverly Street. The city reasserts its position that, unless this court grants injunctive relief, a vacant apartment structure will exist, creating a blight on the land and a nuisance. This must ensue, it is said, due to the fact that a certificate of occupancy cannot issue until South Waverly Street is improved to permit fire emergency equipment access to defendants’building.
South Waverly Street, although presently unimproved, is a public street, the fee thereof being vested in the City of Yonkers. Defendants have offered, at their own expense, to make adequate improvements to the street in compliance with guidelines approved by the City Engineer. Such work cannot proceed without the City Council’s approval by special ordinance. Whatever its reasons, the Council has refused such permission.
I
On applications for preliminary injunctive relief the court must inquire whether the motion papers establish a clear right thereto, i.e., “ plaintiff’s rights must be certain as to the law and the facts and the burden of establishing such an undisputed right rests upon the plaintiff ” (Town of Southeast v. Gonnella, 26 A D 2d 550). An additional and persuasive factor to be considered is the presence of an immediate need, supported by a factual *706 demonstration that acts are occurring or are threatened and fairly certain to occur (7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6301.19, and cases cited at p. 63-47, n. 96). Speculation as to what might occur will not justify the grant of such a drastic remedy (Atlantic Beach Property Owners’ Assn. v. Nautilus Mgt. Corp., 11 Misc 2d 262, 263). Moreover, while it is not required of plaintiff to demonstrate with certainty that he will prevail in the main action, a reasonable probability of ultimate success should be sufficiently apparent (Albini v. Solork Assocs., 37 A D 2d 835).
Finally, the court is mindful of public policy and judicial attitudes requiring strict adherence to equitable canons inherent in motions of this nature (7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6301.22).
With the foregoing principles as a guide, the court will first consider the city’s application.
II
The essence of the city’s theory in seeking injunctive relief is that it seeks to permanently restrain the construction of a public nuisance. For present purposes, the court notes that the term ‘ ‘ public nuisance ’ ’ does not readily admit of an exact definition. As Judge Vann observed more than half a century ago, “ we are not aided by the classification into public and private nuisances, because the difference between them does not depend on the nature of the thing done, but on the fact that one affects the public at large and the other a limited number only. The primary meaning of the word, suggested by its derivation, is that which injures. * * * The injury may be to person or property, to health, comfort, safety or mortality. ’ ’ (Melker v. City of New York, 190 N. Y. 481, 488). Where it is alleged the public safety is jeopardized by the existence óf a public nuisance, an action for its abatement may properly be maintained by a municipal corporation. (New York Trap Rock Corp. v. Town of Clarkstown, 299 N. Y. 77, 83.) And a court of equity will lend its aid to enjoin a threatened public nuisance wherever it clearly appears that the act sought to be restrained will necessarily result in the creation or maintenance of a nuisance (Altschul v. Ludwig, 216 N. Y. 459, 468; People v. Vanderbilt, 26 N. Y. 287, 293). The distinction between the remedies of abatement and injunction proceeds upon a consideration of time alone. One remedy lies after the fact, the other, before. So it is that a municipal corporation need not wait until the alleged nuisance is in esse before acting to preserve the safety of its citizenry.
*707 But there is yet another rule which follows from the distinction posed. Commenting upon the Altschul case (supra), Judge Cardozo, in Southern Leasing Co. v. Ludwig (217. N. Y. 100, 104) said this: ‘ ‘ In Altschul v. Ludwig (supra) the illegal permit had not yet been granted. We held in effect that the taxpayer was not called upon to wait until the threatened nuisance had been created and then by some other remedy compel its abatement. There was a positive act to be prevented; mandamus was not available; the wrong, though threatened, had not yet been done, and it never would be done if a court of equity would stay it. In that situation equitable jurisdiction ought not to be declined until a threatened has ripened into a consummated wrong. Even in such circumstances the menace must be imminent and substantial. It must be In a real sense a menace to the public welfare.” (Emphasis supplied.)
Thus, where the harm feared is not yet extant, the burden rests on the party seeking injunctive relief to demonstrate a menace of imminent and substantial import to the public welfare. “ If the complainant’s right is doubtful, or the thing which it is sought to restrain is not a nuisance per se and will not necessarily become a nuisance, but may or may not become such, depending on the use, manner of operation, or other circumstances, equity will not interfere ” (42 N. Y. Jur., Nuisances, § 54 and cases cited at p. 521, n. 20).
What emerges from the record at bar is patent. The city’s own engineering department has expressed approval of defendants’ proposal to improve South Waverly Street. If that act be permitted there can be no objection based upon nonaccessibility to fire emergency equipment. Why, then does the City Council refuse to approve the necessary enabling ordinance? The failure of the City Council to enact the ordinance permitting such improvement, despite the recommendation of its City Engineer, thereby stultifying defendants’ performance of the condition imposed by the city itself, compels the conclusion that the city cannot rely on its intransigence to deny relief to defendants. The venerable rule has not been abrogated even in these tumultuous times — he who seeks equity must do equity.
If there be a threatened nuisance in this case it can only be created at the behest of parties other than the defendants, so far as the record discloses.
The court finds neither imminent nor substantial danger to the public will result in denying the city’s application for an injunction. Whatever evil is contemplated rests on a contingency best left for the future (cf. Morgan v. City of Binghamton, 102 N. Y. *708 500, 503) in the event that a certificate of occupancy does not issue. The motion for an injunction pendente lite is denied.
Ill
Only recently, Mr. Justice McGroarty (Supreme Court, Kings County) held, in Fisher v. Health Ins. Plan of Greater N. T. (67 Misc 2d 674, 678, 679) that “ A motion for 'a temporary injunction opens the record and gives the court power to pass on the sufficiency of the complaint (Challenger v. Household Finance Corp., 179 Misc. 966, affd. 266 App. Div. 844). To obtain injunctive relief plaintiffs must state an actionable cause and even in the absence of a motion to dismiss, a defective complaint may be stricken on a motion for an injunction pendente lite (Leonard v. Hancock Mut. Lifs Ins. Co., 118 N. Y. S. 2d 170, affd. 281 App. Div. 859).”
Defendants’ cross motion to dismiss the complaint is granted. From the foregoing, it is this court’s opinion that no cause of action has been sufficiently alleged to sustain the complaint. Moreover, the principle of res judicata as applied to this litigation adds additional support for dismissal. While it is beyond dispute that the City of Yonkers has the power and authority to regulate the improvement of its public streets as a condition to the issuance of building permits for structures abutting thereon (Matter of Brous v. Smith, 304 N. Y. 164; General City Law, 36, as amd. by L. 1970, ch. 775), the fact remains that a building permit has already been issued. The direction of the court (Hoyt, J.) in the previous litigation, affirmed on appeal to the Second Department, determined as a matter of fact and law that defendants ’ plans were complete as filed.
The modern refinements of the ancient principle looking to finality of judgment find expression in the application of res judicata. As stated in Weinstein-Korn-Miller, N. Y. Civ. Prac. (vol. 5, par. 5011.17): “ The judgment in an action is conclusive upon the parties in any subsequent action involving the same cause of action both as to those matters actually litigated and those matters that might have been litigated but were not. ’ ’
The defendants here were in fact the plaintiffs in the previous proceeding. The present plaintiff, while not then a party per se, was represented by its building superintendent. It is clear that a sufficient mutual relationship exists here between the superintendent, an arm of the municipality, and the municipality itself (see Haverhill v. International Ry. Co., 217 App. Div. 521, 522, affd. 244 N. Y. 582).
The final inquiry — whether the present case involves the same cause of action as previously litigated — admits on analysis, of *709 ready solution. In the article 78 CPLR proceeding, plaintiffs (defendants here) spent considerable effort in litigating the issue of completed plans. It further appears, from the Superintendent’s brief on appeal, that he contested the form and content of the application for the building permit and the plans filed with his office. At that time, the plans contained a notation that South Waverly Street was to be improved, without indicating the details. However, no question was then raised concerning these details. It is obvious that the matter could have been argued. That it was not is of no moment at this point in time, for the matter rests, concluded by the judgment directing issuance of the building permit.
Where two actions are based upon and can be maintained by producing the same evidence, res judicata has been held applicable (Perry v. Dickerson, 85 N. Y.. 345), although in each case different remedies are sought. (Lipkind v. Ward, 256 App. Div. 74, 78; Cariello v. City of New York, 15 Misc 2d 466).
Any other result would sorely tax defendants, for they would be required to respond, piecemeal, to successive assertions, whether on not ill-founded, of defects in their plans. As matters now stand, defendants have suffered large financial losses due to protracted litigation. This court will not lend its aid to piecemeal attrition of defendants’ position.
Accordingly, for all of the reasons heretofore elaborated, the temporary restraining order previously issued must be vacated, the city’s motion denied and defendants’ cross motion granted in all respects.