Ernest KLEIN, Plaintiff,

v.

SPEAR, LEEDS & KELLOGG, et al., Defendants.

No. 68 Civ. 5148.

United States District Court, S. D. New York.

Dec. 2, 1974.

Richard J. Rubin, Gainsburg, Gottlieb, Levitan & Cole, New York City, for plaintiff.

Denis B. Sullivan, Reavis & McGrath, New York City, for defendants, Spear, Leeds & Kellogg, Crane, Kellogg III and Grabowski.

## MEMORANDUM DECISION AND ORDER

WERKER, District Judge.

Defendants, Spear, Leeds & Kellogg, James Crane Kellogg III and Raymond E. Grabowski, have moved for summary judgment with respect to the First Cause of Action in the amended complaint under Rule 56, Federal Rules of Civil Procedure upon the ground that no triable issue of fact remains to be tried.

They also move for an order dismissing the Second Cause of Action in the amended complaint upon the grounds: (1) that plaintiff has commenced a later action in this court entitled Klein v. Bache & Co., et al., 71 Civ. 20, in which exactly the same claims alleged against the moving parties as are alleged against them in the Second Cause of Action in the amended complaint here; and (2) that plaintiff has been guilty of gross and unexcusable neglect in proceeding with the prosecution of the Second Cause of Action since the commencement of this action on December 27, 1968.

With respect to the motion for Summary Judgment the defendants rely in large part upon the decision of Judge Motley in this action dated August 22, 1972, the order entered on that decision and the affirmance of that decision on April 25, 1973, by the Court of Appeals, and upon in an identically entitled counterpart action commenced by the plaintiff herein in the New York Supreme Court, Kings County, Index No. 3283/69.

The claim against these defendants like the claim against Weingarten against whom the First Cause of Action was also brought and has now been dismissed by Judge Motley, arises out of the purchase of securities by Weingarten for plaintiff in November 1962. Klein opened an account with Weingarten and deposited $1000. The broker at Klein's direction purchased through Mabon, Nugent & Co., 20 shares of Superior Oil Co. stock for his account at $1140.00 per share. Ten of the shares were acquired from Spear, Leads & Kellogg, the specialist in the stock, out of its own inventory, and the other shares were purchased from Vanden, Broeck, Lieber & Co. Klein was notified of the purchase and requested to pay the balance of the purchase price. When he failed to do so the stock was sold for his account which sale resulted in a net loss of $151.97. The broker returned the balance of his $1000 to Klein after deducting the amount of the loss.

Klein claims that the broker as well as the moving parties here manipulated the

price so that the purchase was at a higher price than the prevailing market price was at the time for Superior stock. It is also alleged that the execution of the order was manipulated so that in some strange way 10 shares became a "round lot"—not an "odd lot." Superior Oil Co. is sold on the New York Stock Exchange. The definition of round lot and odd lot contained in Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 559 (1968 2 CA) is that a round lot is a transaction involving 100 shares and an odd lot is a transaction involving less than 100 shares. *See, also,* New York Stock Exchange, Constitution, Art. XV, § 2(d). The cost of the shares affects only the odd lot differential which is paid to the odd lot dealer. The higher the cost the higher the percentage of the differential.[1]

I have gone into this simply to point out the diversionary tactics here employed by plaintiff in his affidavit in opposition where he asserts, "It should be noted that in this stock alone, 10 shares, because of the price of the security were deemed a 'round lot.' "

The alleged conspiracy between these defendants and Vanden Broeck Lieber & Co. to sell Mabon the other 10 shares from its own account in two "odd" lots of five shares each is the balance of the claim of manipulation of the order. Since the price differential in odd lots was fixed whether the shares were obtained from two or ten sources it would have made no difference and could have no other effect upon the price differential.

■ The gravamen of the complaint however is the manipulation of price. If there was no manipulation of price the plaintiff would have no complaint for no loss on the purchase could be claimed by him. As Judge Motley observed: "The lowest price for the Superior stock on November 30, 1962 was

$1130 per share and the highest was $1140. The maximum possible damage Klein would therefore have suffered if defendants purchased the shares above the prevailing market rate was $10 per share or $200."

Judge Motley also stated:

"Defendants contend that there was no manipulation of the purchase price. Klein's answers to defendants' interrogatories demonstrate that he has absolutely no personal knowledge that the purchase price was anything other than the prevailing one. He cannot set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P."

"It is impossible to avoid the conclusion that Klein did not have any basis in fact to believe there was a manipulation of the price of the Superior stock. He has had over three years since the filing of his original complaint and over 2½ years since the filing of his amended complaint to give life to his phantasmagoric allegations; that is long enough.

Since we find no issue of fact remaining on the first cause of action, defendants are entitled to judgment dismissing the first cause of action."

This court fails to perceive any substantial difference between the position of Weingarten and the odd lot brokers. If plaintiff cannot produce evidence to show manipulation of the price against one he must fail against both.

■ The decision by Judge Motley in this case with respect to Weingarten as affirmed by the Court of Appeals is controlling here.

Since those decisions plaintiff has had more than a year to buttress his claim of manipulation of price. He has failed to do so. His affidavit in opposition to this motion does not in any way create an issue in this regard and this is the heart of his claim.

---

1. In *Eisen, supra,* it was found that during the years 1960–66 the differential was ⅛th of a point, 12½ cents per share on stock selling below $40 per share and ¼th of a point, 25 cents per share on stock selling at $40 or above per share.

Furthermore, in the action commenced by plaintiff against these defendants in the New York Supreme Court, Kings County which was dismissed on January 2, 1972 the court stated in its unreported decision:

"In this action both requirements are present. Clearly the Kellogg defendants' posture is identical to that of Weingarten & Co., etc. It already having been determined that there is no basis for any claim against Weingarten, it follows that the action against movants, the Kellogg defendants must also fail. On the basis of the determination already made, it is clear that the doctrines of res adjudicata and collateral estoppel bars plaintiff from prosecuting the first cause of action against movants." (See NYLJ dated January 13, 1972, for decision of Liebowitz J at Special Term Part I, Kings County.)

"Where two actions are based upon and can be maintained by producing the same evidence res judicata has been held applicable (Perry v. Dickerson, 85 N.Y. 345 although in each case different remedies are sought (Lipkind v. Ward, 256 App.Div. 74, 78 [8 N.Y.S.2d 832]; Cariello v. City of New York, 15 Misc.2d 466 [185 N.Y. S.2d 830]; City of Yonkers v. Dyl & Dyl, 67 Misc.2d 704, 109 [325 N.Y.S. 2d 206]))" N.Y. Law Journal, January 13, 1972, Vol. 167, No. 9 at 19.

Judge Cooper, in a decision involving the first motion for summary judgment in this case reported at 306 F.Supp. 743 (S.D.N.Y.1969), held at p. 747 that a final state court decision dismissing a breach of contract action commenced against Weingarten by this plaintiff was final and conclusive and barred plaintiff from relitigating that action not only as to those defendants but also as to added defendants including the movants here.

The motion for summary judgment is consequently granted on both grounds.

With respect to defendants' motion to dismiss the Second Cause of Action under Rule 41, Federal Rules of Civil Procedure dismissal is within the discretion of the court. Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L. Ed.2d 734 (1962). Plaintiff has had this Second Cause of Action pending since he amended his complaint under date of August 21, 1969. It was stayed by this court on January 13, 1972 until disposition of the counterpart action in the Kings County Supreme Court. That stay could have been removed at any time after June 1, 1973, the date when Judge Cone denied Plaintiff's Motion to Reargue. The motion to reargue was made after the time to appeal had expired and was based upon a modification by the Appellate Division Second Department of an order dismissing the cause of action to the extent that it permitted the plaintiffs to amend in a Klein v. Bache & Co. action commenced in New York Supreme Court Kings County, Index No. 20042/70. Although plaintiff filed a notice of appeal from the order denying the motion to reargue it appears clear that that appeal does not lie.[2] Plaintiff has not moved to remove that stay nor has he made any efforts at discovery. He indicates now that no discovery is required. He also failed to appear for deposition on an earlier notice for which reason the movants did not submit to examination.

He admits that the Klein v. Bache & Co., 71 Civ. 20, action does involve the same basic facts as the Second Cause of Action here. He tries to ameliorate this

2. An order denying reargument is not appealable. See, N.Y.C.P.L.R. § 2221 (McKinney 1974) and Practice Commentary L2221:7. Nor may such a motion be made after the period for appeal has expired. Liberty National Bank & Trust Co. v. Bero Const. Corp., 29 A.D.2d 627, 286 N.Y.S.2d 287, 4th Dept. (1967). "While this result might at times seem harsh, there must be an end to lawsuits and the time to take an appeal cannot forever be extended." (In re Huie, 20 N.Y.2d 568, 285 N.Y.S.2d 610, 232 N.E.2d 642 (1967).)

by indicating that at the time he was appearing *pro se*. A reading of the prior decisions of the judges of this court indicate that the plaintiff here apparently had undisclosed legal assistance throughout. See, Klein v. H. N. Whitney, Goadby & Co., et al., D.C., 341 F. Supp. 699, 702 (1971); Klein v. Spear, Leeds & Kellogg, D.C., 306 F.Supp. 743, 746 (1969); Klein v. Spear, Leeds & Kellogg, D.C., 309 F.Supp. 341, 342 (1970).

██ Under the circumstances existing this court is not inclined to consolidate this case with other so-called specialist cases. I find that the plaintiff has been grossly dilatory in prosecuting the Second Cause of Action within the meaning of Rule 41, Federal Rules of Civil Procedure. "The operative condition of the Rule is lack of due diligence on the part of the plaintiff—not a showing by the defendant that it will be prejudiced by denial of its motion." Messenger v. United States, 231 F.2d 328, 331 (2d Cir. 1956) (citation omitted).

The Second Cause of Action is dismissed with prejudice.

So ordered.