■ INFLIGHT ADVERTISING, INC., et al., Respondents-Appellants, v BINDIT CORPORATION et al., Appellants-Respondents.—In an action, *inter alia,* to enjoin defendants from selling certain items to the travel industry in general and to the airline industry in particular, the parties cross-appeal from a judgment of the Supreme Court, Nassau County, entered July 25, 1979, which, *inter alia,* (1) enjoined defendant Bindit Corporation from using certain binding processes, (2) enjoined defendant Klaus Lueders from engaging in competition with plaintiffs and from disclosing trade secrets, and (3) dismissed certain of plaintiffs' causes of action against defendant Bindit Corporation and failed to award plaintiffs damages. The defendants' appeal brings up for review an order of the same court, dated July 24, 1979, which denied defendants' motion to amend and clarify the court's decision. Judg-

---

1. Counsel for defendant Pattillo.
2. Counsel for plaintiffs.

ment modified, on the law, by deleting from the third decretal paragraph thereof the words "binding of magazines and other data for the travel industry", and substituting therefor the words, "binding of magazines and publications for the travel industry". As so modified, judgment affirmed, without costs or disbursements. The exclusivity agreement between the parties limits the exclusive right granted to plaintiffs to "magazines and publications". The injunction granted to the plaintiffs should not extend beyond the terms of that agreement to prevent defendants from competing where nonpublished materials are involved. Titone, J. P., Mangano, Martuscello and Weinstein, JJ., concur.