■ CITIZENS OF ACCORD, INC., et al., Appellants, v TWIN TRACKS PROMOTIONS, INC., Respondent, et al., Defendants. [653 NYS2d 717] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Torraca, J.), entered December 1, 1995 in Ulster County, which, *inter alia*, granted a cross motion by defendant Twin Tracks Promotions, Inc. for summary judgment dismissing the complaint against it.

Prior to its closure in 1987, the Accord Speedway, an automobile race track in the Town of Rochester, Ulster County, had been operating for approximately 25 years. In 1991, defendant Twin Tracks Promotions, Inc. (hereinafter TTP) purchased the Speedway and sought the permits necessary to reopen it. After the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) process was completed and a negative declaration of environmental significance was issued by the Rochester Town Board (*see*, 6 NYCRR 617.2 [y]), TTP received both the operating permit required by the local law governing motor vehicle racing and the special use permit necessitated by the zoning law.

Before racing recommenced, however, Citizens of Accord, Inc. (hereinafter COA), a group of local residents and property owners opposed to reopening the Speedway, and several of its members, individually, brought a CPLR article 78 proceeding seeking annulment of the actions of respondent Town of Rochester, based in part upon allegations that it had failed, in the course of its environmental review, to adequately consider the noise, dust, fumes and traffic congestion that would result from the Speedway's operations. COA's petition was ultimately denied (*see, Matter of Citizens Accord v Town Bd.*, 192 AD2d 985, *lv denied* 82 NY2d 656) and the Speedway reopened on July 4, 1992.

Then, in early 1993, COA and two of its members brought the present action against TTP and the Town in which they seek damages and an injunction barring further operation of the Speedway, contending, *inter alia*, that it constitutes both a public and private nuisance. Supreme Court's dismissal of the claims against the Town has gone unchallenged; its subsequent order, which granted TTP's cross motion to dismiss the remainder of the complaint on grounds of res judicata and collateral estoppel, is the subject of this appeal by plaintiffs.

Although the instant claims do, as defendants contend, involve the same general subject matter—the alleged adverse

effects of operating the Speedway—as did those asserted in the earlier CPLR article 78 proceeding, they are substantively distinct. While the questions posed in the former proceeding related to the adequacy of the Town's review process and, incidentally, to the nature and extent of the environmental impact that had been expected to accompany the opening of the Speedway, plaintiff's current complaint is based on the actual effects of TTP's operation, which they maintain exceed those that were forecast during the permitting process. These concerns could not have been litigated in the context of the earlier proceeding, for at that time racing had not begun, and thus the actual impact it would have upon local residents was unknown. Nor could plaintiffs have then succeeded in an attempt to enjoin TTP's actions as a threatened nuisance (see, *City of Yonkers v Dyl & Dyl Dev. Corp.*, 67 Misc 2d 704, 707, *affd* 38 AD2d 691). Since plaintiffs' claims are based on acts occurring after the CPLR article 78 proceeding was decided and could not have been addressed therein, they are not barred by res judicata (see, *O'Brien v City of Syracuse*, 54 NY2d 353, 358; *Wollman v Long Is. Jewish Med. Ctr.*, 170 AD2d 673, 676).

And, inasmuch as the issues raised by plaintiffs' nuisance claims against TTP are not the same as those "necessarily decided" in the prior proceeding, the doctrine of collateral estoppel does not compel their dismissal (see, *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664). Specifically, while the questions previously decided centered on whether the submissions before the Town Board and the respondent Planning Board—which were based on estimates of the noise, pollution and additional traffic to be produced by the Speedway, and its predicted effect on property values—demonstrated that its reopening might have a significant environmental impact, and whether the issuance of a special use permit was proper, the current suit requires an evaluation of the actual consequences of TTP's ongoing operation of the racing facility (which may in fact be different than those foreseen during the SEQR and permitting process), and their effects on the health, safety and comfort of its neighbors (see, *Hoover v Durkee*, 212 AD2d 839, 840).

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted the cross motion of defendant Twin Tracks Promotions, Inc. for summary judgment; cross motion denied; and, as so modified, affirmed.