[731 NYS2d 43]

BINDIT CORPORATION, Appellant-Respondent, v INFLIGHT ADVERTISING, INC., et al., Respondents-Appellants.

Second Department, October 1, 2001

## APPEARANCES OF COUNSEL

*Certilman Balin Adler & Hyman, L. L. P,* East Meadow (*Thomas J. McNamara* and *Candace Reid Gladston* of counsel), for appellant-respondent.

*Rivkin, Radler & Kremer, L. L. P.,* Uniondale (*Evan H. Krinick, Kenneth A. Novikoff* and *Merril S. Biscone* of counsel), for respondents-appellants.

## OPINION OF THE COURT

CRANE, J.

This is a declaratory judgment action in which the plaintiff Bindit Corporation seeks to have a 1976 licensing agreement with the defendants, Inflight Advertising, Inc. and Inflight Newspapers, Inc., declared terminated, or to declare that its continuation violates General Business Law § 340 as an illegal restraint of trade.

The plaintiff is in the business of manufacturing, selling, and supplying machines and covers for the purpose of binding reports, magazines, publications, and other data used in various industries. The defendants manufacture, sell, and supply plastic covers for the purpose of binding magazines and other publications for passenger use in the travel industry. In connection with its business, the plaintiff also invented certain binding technology and binding machines, including a machine known as the Covermate 1200 which was subject to a patent that expired on February 27, 1996.

In 1976, the plaintiff and the defendants entered into a licensing agreement, in the form of two countersigned letters, wherein the plaintiff granted to the defendants the exclusive right to use the Covermate 1200 and associated technology in connection with supplying magazines and publications to the travel industry. This licensing agreement has been the subject of much litigation between the parties, in both State and Federal courts.

In 1979, the defendants commenced an action in State court alleging that the plaintiff had breached the exclusivity provi-

sions of the licensing agreement, and, further, that it had unilaterally terminated the agreement. Justice Paul Kelly at the Supreme Court, Nassau County, issued an order after trial holding that the plaintiff could not unilaterally terminate the licensing agreement, and also enjoining the plaintiff from interfering with the defendants' exclusive use of the Covermate 1200. The defendants later instituted contempt proceedings against the plaintiff. These proceedings were settled when the parties agreed to the entry of an amended judgment dated April 21, 1982. This provided, in part, that the 1976 licensing agreement would remain in effect "for so long a period of time as [Inflight] continue[s] to make the payment of $50.00 a month to [Bindit]." During this time the plaintiff was "enjoined and restrained from directly or indirectly using or permitting others under their control or assisting others to use the Covermate 1200 or a machine with similar capabilities or technology, or * * * to use Bindit Desktop binding machines or similar technology and any associated technology for the purpose of binding magazines or other publications for passenger use in the travel industry, including the airline industry."

Also in 1979, the plaintiff commenced an action in Federal court alleging that the licensing agreement violated the antitrust laws because it created a monopoly in favor of the defendants constituting an unfair restraint on trade. This action was discontinued by the plaintiff "with prejudice."

In 1981, the plaintiff commenced yet another action in the United States District Court for the Eastern District of New York alleging, *inter alia,* that the defendants maintained a monopoly over the market for bound magazines and newspapers in the travel industry. The defendants moved to dismiss this action on the ground that it was barred by res judicata and collateral estoppel on the basis of prior State decisions, as well as the plaintiff's discontinuance, with prejudice, of the prior Federal action. In a memorandum and order dated June 24, 1982, Judge George D. Pratt dismissed the plaintiff's complaint insofar as it alleged violations of the Sherman Act on the ground that the discontinuance of the 1979 antitrust action, with prejudice, operated as res judicata with respect to those claims. The court dismissed the pendent State claims since the basis for jurisdiction over them had been removed with the dismissal of the Federal claims. The court specifically stated that it was "not necessary to reach the issue of what *res judicata* effect, if any, the numerous state court proceedings might have on the [Federal] complaint."

The patent for the Covermate 1200 expired on February 27, 1996. Thereafter, the defendants failed to make the requisite monthly payments due under the licensing agreement and the 1982 amended judgment for the months of October, November, and December 1997. The defendants forwarded the payments for those months in January 1998, along with the January 1998 payment. The plaintiff rejected these payments.

The plaintiff commenced this declaratory judgment action in February 1998 seeking, in the first cause of action, a declaration that the 1976 licensing agreement terminated by virtue of the defendants' failure to make the monthly payments, and, in the second through eighth causes of action, a declaration that the agreement is void under the Donnelly Act (General Business Law § 340 [1]).

The defendants removed this action to the Federal court pursuant to 28 USC § 1441 (a), asserting Federal jurisdiction pursuant to 28 USC § 1331. The plaintiff moved in the Federal court to remand the action back to State court. Relying on the well-pleaded complaint rule (see, Marcus v AT&T Corp., 138 F3d 46, 52 [2d Cir]),[1] Judge Denis R. Hurley, in a memorandum and order dated September 30, 1999, granted the plaintiff's motion and remanded the action back to State court. In so doing, Judge Hurley specifically rejected the defendants' argument that the court should depart from the well-pleaded complaint rule because the plaintiff has pleaded its antitrust action under Federal and not State law, and, further, the plaintiff already brought two prior actions in Federal court, both of which were grounded in Federal law and virtually identical to the current complaint (see, Travelers Indem. Co. v Sarkisian, 794 F2d 754, 757 [2d Cir], cert denied 479 US 885).[2] Judge Hurley stated that, based upon his "review of the complaints in the 1979 and 1981 actions and the present action, it is clear that different circumstances underlie Plaintiff's earlier and

---

**1.** Under the well-pleaded complaint rule, Federal question jurisdiction exists "only when the plaintiff's own cause of action is based on federal law * * * Under [this] rule, the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available" (Marcus v AT&T Corp., supra, at 52). "[A] plaintiff as 'master of the complaint' may preclude removal by electing to disregard an available federal dimension of a claim and asserting only a distinct state law cause of action" (Derrico v Sheehan Emergency Hosp., 844 F2d 22, 27 [2d Cir]).

**2.** Judge Hurley rejected the defendants' reliance on Federal preemption as a bar to the Donnelly Act causes of action, thus relegating the defendants to an affirmative defense. We agree that the plaintiff's State antitrust claims are not preempted on the face of the complaint.

present claims." He further noted that the current "action relates to propriety of Defendant's activities following the expiration of the Contract and Patent."

Upon remand to the Supreme Court, Nassau County, the plaintiff moved, and the defendants cross-moved, for summary judgment. The Supreme Court dismissed the second through eighth causes of action on the ground that they were barred by the doctrine of res judicata. The Supreme Court reasoned that the plaintiff knew in the litigation before Justice Kelly in 1979 that the patent would expire 17 years after its issuance and that this could have been considered in all the prior lawsuits. The plaintiff contends that this was error. We agree with the plaintiff, except with respect to the second cause of action.

It is undisputed that Justice Kelly never considered the issue of the lawfulness of continuing the agreement between the plaintiff and the defendants beyond the expiration of the patent (*cf., O'Connor v G & R Packing Co.*, 53 NY2d 278, 282-283). Neither did this Court confront the question in the appeals in that action (*see, Inflight Adv. v Bindit Corp.*, 76 AD2d 857; 87 AD2d 809). Indeed, the expiration of the patent is an event occurring after the conclusion of the action before Justice Kelly and the decisions of the Federal court on the plaintiff's antitrust claims. The antitrust effect of expiration, though predictable, could not have been litigated in the action before Justice Kelly, and therefore, that issue is not barred by the doctrine of res judicata (*see, O'Brien v City of Syracuse*, 54 NY2d 353, 358; *Wollman v Long Is. Jewish Med. Ctr.*, 170 AD2d 673, 676; *cf., Citizens of Accord v Twin Tracks Promotions*, 236 AD2d 665, 666).

In the prior action, Justice Kelly was interpreting a contract that failed to specify a time limitation. In holding that the contract would continue for so long as the defendants should continue to pay the monthly fee, he did not immunize this contract against future antitrust attack when it no longer remained a lawful exclusive license under an unexpired patent (*cf., April Prods. v G. Schirmer, Inc.*, 308 NY 366, 372 ["There is * * * no express statement of the period for which Schirmer was to publish or for which it was to pay royalties. Yet the authorization to 'publish' was necessarily confined to the term of the underlying copyrights, for that is all that Shubert had the power to grant"]). Neither Justice Kelly nor this Court on prior appeals in that action gave the defendants carte blanche with respect to the legality or propriety of their activities following expiration of the patent, and the amended judgment should

not be read to do so (*cf., Lawlor v National Screen Serv. Corp.,* 349 US 322, 328 ["While the 1943 judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case"]).

While there is a question of fact as to whether the defendants maintain a monopoly in the travel industry, the elimination of the plaintiff as a single competitor would offend antitrust principles. The plaintiff has standing, even though it is a contracting party, to claim that its agreement now represents an antitrust violation (*see, Perma Life Mufflers v International Parts Corp.,* 392 US 134).

The plaintiff's second cause of action is bereft of any allegation that the patent has expired. It posits an antitrust violation on the existence of the licensing agreement, and this has already been held valid against antitrust attack. It is barred by the doctrine of res judicata. The allegation of expiration of the patent first appears in the third cause of action, paragraph 68, and is incorporated by reference in the remaining causes of action. The parties' arguments with respect to the remaining causes of action present issues of fact. Similarly, the defendants' argument that the plaintiff waived prompt payment of the monthly fee by routinely accepting the defendants' late payments over the years raises a triable issue of fact with respect to the first cause of action. Accordingly, the Supreme Court correctly denied the plaintiff's motion for summary judgment on all of its causes of action and that branch of the defendants' cross motion which was for summary judgment dismissing the first cause of action.

Accordingly, the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' cross motion which was for summary judgment dismissing the third through eighth causes of action, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed.

O'BRIEN, J. P., S. MILLER and SMITH, JJ., concur.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' cross motion which was for summary judgment dismissing the third through eighth causes of action, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, with costs to the plaintiff.