**SOLUS OCEAN SYSTEMS, INC.,**
**Plaintiff-Appellant,**

v.

**UNITED STATES CUSTOMS SERVICE,**
**Defendant-Appellee.**

No. 85–2216
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 3, 1985.

Brown, Sims & Ayre, Frederick M. Boss, Houston, Tex., for plaintiff-appellant.

Daniel K. Hedges, U.S. Atty., Thomas P. Beery, Jack Shepherd, James R. Gough, Asst. U.S. Attys., Houston, Tex., for defendant-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

Appellant sued the United States for damages resulting from the sale without notice of goods in custody of the United States Customs Service (Customs) pursuant to 19 U.S.C. § 1490(b). The district court dismissed the suit for lack of jurisdiction, holding that 28 U.S.C. § 2680(c) barred the claim as one "arising in respect of ... the detention of any goods ... by any officer of customs...." We affirm.

1. 19 U.S.C. § 1490(b) states:
    "(b) At the request of the consignee of any merchandise, or of the owner or master of the vessel or the person in charge of the vehicle in which the same is imported, any merchandise may be taken possession of by the appropriate customs officer after the expiration of one day after the entry of the vessel or report of the vehicle and may be unladen and held at the risk and expense of the consignee until entry thereof is made."

2. 19 C.F.R. § 127.24 states:
  **"127.24 Notice of sale.**

**Facts and Proceedings Below**

Appellant, Solus Ocean Systems, Inc. (Solus), was the owner of three oxygen/helium gas quads that were shipped to it in Houston from the Port of Singapore. The gas quads arrived at Los Angeles, California, by vessel from Singapore, in May 1981. The quads were then transported (without going through customs) by rail to Houston, Texas, but the shipper never notified Solus of their arrival. On July 20, 1981, the shipper turned over the quads to the United States Customs office in Houston pursuant to 19 U.S.C. § 1490(b).[1] Without notifying Solus that they had possession of the gas quads, Customs sold the quads on November 8, 1982, at a public auction. Customs regulations state that property left over a year may be sold. 19 C.F.R. § 127. The regulations governing the sale of such merchandise state that notice of the sale should be given to the importer, consignee, or shipper thirty days prior to the date of sale. 19 C.F.R. § 127.24.[2] Solus claims that Customs never notified them of the sale.

Solus learned of the sale of the gas quads on November 19, 1982. At that time, Solus discovered that the purchaser, Mann, intended to sell the quads and ship them to Saudi Arabia. Solus sought a temporary restraining order to prohibit Mann from shipping the quads outside of the jurisdiction. The temporary restraining order was initially granted, but the district court denied Solus' request for a preliminary injunction. Solus sought $210,000 in damages for the sale of the gas quads. The district court dismissed the action for lack of jurisdiction, holding that the case

"Notice of sale shall be sent ... 30 days prior to the date of sale, or 30 days prior to the transfer of merchandise to the place of sale, to the following:
    "(a) Importer, if known; or
    "(b) Consignee, if name and address can be ascertained; or
    "(c) Shipper, his representative or agent, if merchandise is consigned to order or consignee cannot be ascertained; or
    "(d) Warehouse transferee; or
    "(e) Lienholder."

fell within the definition of "any claim arising in respect of ... the detention of any goods" as provided in 28 U.S.C. § 2680, and was barred as an exception to the Federal Tort Claims Act (FTCA). Solus appeals, asserting a right to recover only under the FTCA.

### Discussion

Under the doctrine of sovereign immunity, the United States cannot be sued unless it gives its consent. *Lehman v. Nakshian*, 453 U.S. 156, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981); *Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299, 303 (5th Cir.1985). Congress has given its consent to suit in the FTCA, which provides that the United States shall be liable to the same extent as a private party for injury due to the negligence or wrongful act of a government employee acting within the scope of his office. 28 U.S.C. § 1346(b); *Kosak v. United States*, 465 U.S. 848, 104 S.Ct. 1519, 1522, 79 L.Ed.2d 860 (1984). The FTCA has several enumerated exceptions to liability. One of these exceptions is 28 U.S.C. § 2680, which states in pertinent part:

"**§ 2680. Exception**

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

" . . . .

"(c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer."

Solus argues that the exception does not apply in this case because the wrongful act is related to the sale rather than the detention of goods.

Our analysis of this argument starts with *Kosak v. United States*, in which the Supreme Court held that "any claim arising in respect of ... the detention of goods" included a bar against claims for the negligent handling of the detained property. 104 S.Ct. 1519, 1524. *Kosak* involved a claim for damages due to the negligent handling of goods while they were detained

by Customs. The case settled a split in the circuits in which some had allowed recovery for damages to detained property as being distinct from the Section 2680 bar of recovery due to economic loss from detention. The Supreme Court stated that the language in Section 2680 was entitled to a broad rather than a narrow interpretation and included all injuries associated with the detention.

In applying the analysis from *Kosak* to the case at bar, we are unpersuaded by Solus' proffered distinction. The sale was the result of the goods having remained with Customs for well over a year and was merely part of the natural progression of Customs' detention. The sale took place while the goods were detained by Customs and was an incident of that detention, being for the authorized purpose of paying for the storage charges accrued during the detention. 19 C.F.R. § 127.14. A claim for such a sale, allegedly wrongful for lack of notice, seems to be no less one "arising in respect of" the detention of the goods than a claim for the wrongful physical destruction or total loss of the goods while detained. To hold otherwise, it seems to us, would be to engage in the kind of hair splitting that the Supreme Court rejected in *Kosak*. We realize that this holding implies there is no private judicial remedy for Customs' failure to follow its own regulations in this respect. However, although the plaintiff may be denied an effectual remedy, "this contention 'is properly addressed to Congress and not this court.'" *Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299, 308 (5th Cir.1985) (quoting *Kosak, supra*).

The government also argues that the suit is barred because the gas quads were sold for taxes and duties owed. There was no duty owed on the quads at the time they arrived in Houston. The record indicates that the goods were sold to pay for storage, which is an approved reason for sale under the regulations. 19 C.F.R. § 127.14. The question is whether storage charges are within the definition of duties or taxes. We note that in *Clyde Mallory Lines v.*

*Alabama,* 296 U.S. 261, 56 S.Ct. 194, 196, 80 L.Ed. 215 (1933), the Supreme Court stated that duties (under article 1, § 10, clauses 2 and 3 of the Constitution) were "levies upon the privilege of access" and did not include charges for facilitating commerce such as storage charges. If the *Clyde Mallory Lines* rationale were applied to the FTCA, it would appear that charges for storage would not come under the definition of duties, and therefore that the provision of 28 U.S.C. § 2680(c) concerning assessment of duties would not bar the present claim. We do not decide this question, however, as we hold that the claim is barred under the detention clause of Section 2680(c).

Finally, Solus appeals the district court's decision that it has not exhausted its administrative remedies. We need not reach that point because the suit is barred under 28 U.S.C. § 2680(c).

### Conclusion

We hold that Customs' sale of the detained merchandise is within the definition of "arising in respect of ... the detention of any goods" in 28 U.S.C. § 2680(c), and that this suit for negligence or wrongful act in regard to the sale is barred under that exception to the Federal Tort Claims Act.

AFFIRMED.