Manfred GOODMAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 92–1588.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 3, 1992.

Decided March 12, 1993.

Rehearing and Rehearing En Banc Denied April 22, 1993.

Joseph F. Lulic and Samuel R. Dalluge, Minneapolis, MN, for appellant.

Richard E. Vosepka, Asst. U.S. Atty., Minneapolis, MN, for appellee.

Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Manfred Goodman appeals the district court's[1] order dismissing his complaint brought under the Federal Tort Claims Act (FTCA). We affirm.

Goodman filed suit against the United States Customs Service (Customs), alleging that pier laborers under Customs's supervision negligently unloaded, inspected, and reloaded a freight container, causing extensive damage to Goodman's personal property. Goodman alleged that the damage occurred during a routine customs inspection, not a search pursuant to a valid warrant. Goodman sought restitution in the amount of $43,108.15.

The district court granted Customs's motion to dismiss, holding that Customs was immune from this suit because the routine customs inspection of Goodman's property was a "detention" of goods for the purposes of applying the liability exemption set forth in 28 U.S.C. § 2680(c). On appeal, Goodman argues that section 2680(c) does not apply because "detention" does not include a routine customs inspection. He also argues that damage caused to goods during such an inspection does not fall within the scope of sovereign immunity delineated in *Kosak v. United States*, 465 U.S. 848, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984). Customs responds that the FTCA exemption and the holding in *Kosak* do not distinguish between routine customs inspections and detentions, but both apply any time goods are in the possession of Customs.

The FTCA provides in part that its waiver of sovereign immunity "shall not apply to ... [a]ny claim arising in respect of ... the detention of any goods or merchandise by any officer of customs." 28 U.S.C. § 2860(c). In *Kosak*, where Customs had seized property pursuant to a valid warrant, 465 U.S. at 849, 104 S.Ct. at 1521, the Supreme Court held that " 'any claim arising in respect of' the detention of goods means any claim 'arising out of' the detention of goods, and includes a claim resulting from negligent handling or storage of detained property." *Id.* at 854, 104 S.Ct. at 1523–24. The Court failed, however, to define "detention" or "detained property."

The reasoning in *Kosak* does not appear to be limited to detentions pursuant to search warrants. For example, the Court recognized a possible congressional concern "that a waiver of immunity from suits alleging damage to detained property would expose the United States to liability for fraudulent claims." *Kosak*, 465 U.S. at 859, 104 S.Ct. at 1526. The Court went on to state:

The Government's vulnerability to fraudulent claims would be especially great in a case in which the Customs Service took custody of the goods from a shipper rather than from the owner. The shipper would contend that it exercised due care in the handling of the goods. The owner would demonstrate that he received the goods in damaged condition. In the absence of an extensive system for accounting for ... treatment of property in its custody, the Customs Service would be hard pressed to establish that its employees were not at fault.... [U]neasiness at the prospect of such scenarios may have influenced Congress when it carved out this exception to the [FTCA].

*Id.* at 859 n. 19, 104 S.Ct. at 1526 n. 19. The Court also observed that "Congress may have reasoned that the frequency with which the Government would be obliged to pay undeserving claimants if it waived immunity from such suits offset the inequity, resulting from retention of immunity, to persons with legitimate grievances." *Id.* at 859–60, 104 S.Ct. at 1526. We conclude that these concerns are equally valid whenever Customs takes possession of property, and that "detention" includes the routine customs inspection that occurred in this case. *See Solus Ocean Sys., Inc. v. United States Customs Serv.*, 777 F.2d 326 (5th

---

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Cir.1985) (without considering meaning of "detention," court held section 2680(c) barred liability for damage resulting from possession of property "passing through customs"; damage resulted from "the natural progression of Customs' detention"); *Locks v. Three Unidentified Customs Serv. Agents,* 759 F.Supp. 1131, 1133 (E.D.Pa.1990) (relying on *Kosak,* court held brief inspection necessary to "clear" customs is a detention).

Accordingly, we affirm.

JOHN R. GIBSON, Circuit Judge, dissenting.

I respectfully dissent.

The nub of the court's holding in this case is that "detention" includes the routine customs inspection, relying most particularly on *Kosak v. United States,* 465 U.S. 848, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984). *Kosak,* however, is not determinative. There the petitioner had conceded that the injuries to the property occurred after it had been lawfully detained by customs officers, and the court was explicit that it need not consider the meaning of the term "detention" in the statute. *Id.* at 853 n. 8, 104 S.Ct. at 1523 n. 8.

The district court based its decision on the undisputed facts that pier laborers, at the direction of the Customs Service, performed a routine inspection of the goods, causing extensive damage. The parties agreed that the goods were not detained pursuant to an executed search warrant. The district court and this court today equate inspection with detention. I differ.

The Customs Service is empowered to perform a number of functions, including inspections, utilization of search warrants, or the seizure and holding of property leading to forfeiture. Against this broad background of the operation of the Custom Service, Congress chose to use only the word "detention". Had Congress desired to use a broader term, it knew how to do so. Detention has a more limited meaning in the context of the customs laws, and I believe it was error to hold that inspection equates with detention.

When the Third Circuit considered the controversy involved in *Kosak,* Judge Weis dissented and differentiated between inspection and detention. *Kosak v. United States,* 679 F.2d 306, 309–10 (3d Cir.1982). At the very least, in this case where the court's decision was based on a motion to dismiss, the issue of detention was a fact question.

I would reverse.