No. 601. WARNER ET AL. *v.* KEWANEE MACHINERY & CONVEYOR Co. C. A. 6th Cir. Certiorari denied.

MR. JUSTICE BLACK, with whom MR. JUSTICE DOUGLAS joins, dissenting.

This personal injury suit arose out of a farming accident. Petitioner Donald Warner, a 12-year-old boy, was working with other young men on a farm gathering hay. They were using a machine manufactured by the respondent corporation which carried bales of hay up from a wagon into the hayloft at the top of a barn. This machine consisted of a belt with step-like paddles on which the bales were placed. The power for the elevator was supplied by a tractor, and the operating controls were located on the tractor. Donald was at first working at the bottom of the elevator, but when it became necessary for him to change places with another boy at the top of the elevator the power was shut off and Donald proceeded to climb up the elevator, using the paddles as a ladder. As Donald neared the top, but before he had stepped off the machine, another boy, who could not see the top of the elevator, started it up again. Donald had unfortunately caught his foot in the mechanism and when the power was applied his leg was mangled. As a result he lost the lower part of his leg by amputation. Donald and his father brought suit, claiming that the respondent had breached its duty to warn of the potential dangers involved in using the machine as a substitute ladder and the duty to design a safe machine. At trial the Warners introduced testimonial evidence that other hay elevators were designed so that the operator could see the top, and that warnings of possible danger were given with other farm machinery. At the close of this evidence respondent moved for a directed verdict, the motion was denied, and evidence

for the defense was submitted. At the conclusion of all the evidence the jury retired, deliberated fully, and returned with a verdict for $75,000 in favor of the Warners.

On appeal the Court of Appeals proceeded to consider the sufficiency of the evidence, even though it also held that since the respondent had not renewed its motion for a directed verdict at the close of the evidence the court could not consider sufficiency of the evidence on appeal.[1] The court then concluded that petitioner had failed to produce sufficient evidence to warrant submitting the case to the jury and therefore set the jury's verdict aside.

In my opinion this action was a flagrant disregard of the command of the Seventh Amendment that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." This provision, as I understand it, means that questions of the sufficiency of the evidence are for the jury—not the

---

[1] The Court of Appeals held, apparently in conformity with the rule in all circuits, "that since the [respondent] did not renew its motion for a directed verdict at the close of the entire testimony, 'the claimed insufficiency of the evidence is not before us.'" 411 F. 2d 1060, 1063 (1969). Nevertheless the court proceeded to consider "whether [petitioners'] evidence considered in the light most favorable to [them] established a prima facie case, or one properly submissible." Ibid. Since this test is precisely the one the Court of Appeals should apply when considering whether a motion for a directed verdict was properly denied, see Continental Co. v. Union Carbide, 370 U. S. 690, 696 (1962), 5 J. Moore, Federal Practice ¶ 50.02 [1] (1969), I share petitioners' inability to understand by what sleight-of-hand the Court of Appeals could simultaneously announce that it could not consider the sufficiency of the evidence and then proceed to do precisely that. This apparent error is further evidence that the court went out of its way to upset the jury's verdict.

trial judge or the appellate court—to decide, and that where a jury has found sufficient evidence to support a verdict, that determination should not be set aside on appeal unless there is no evidence to support the verdict. Here there was undoubtedly enough evidence for a jury to conclude that the respondent had either failed to design a sufficiently safe machine or failed to warn potential users of the dangers involved. On this record I cannot understand the Court of Appeals' decision as anything but a substitution of its judgment as to the sufficiency of the evidence for that of the jury. Such action is, in my opinion, forbidden by the Seventh Amendment. Cf. *Galloway* v. *United States,* 319 U. S. 372, 396–407 (1943) (BLACK, J., dissenting). I would grant certiorari and reverse the judgment below summarily.[2]

---

[2] The petition for certiorari was filed within 90 days of the judgment of the Court of Appeals, as required by statute. 28 U. S. C. § 2101 (c). The record, which under our Rules must also be filed within 90 days, Sup. Ct. Rule 21, was not filed until the 93d day after judgment. Since the requirement for filing the record is set forth by our Rules and not by statute, "there is no reason to exempt this case from the general principle that '[i]t is always within the discretion of a court . . . to relax or modify its procedural rules adopted for the orderly transaction of business before it when in a given case the ends of justice require it.'" *American Farm Lines* v. *Black Ball,* 397 U. S. 532, 539 (1970). Cf. *Taglianetti* v. *United States,* 394 U. S. 316, n. 1 (1969). Respondent has been requested several times to file a response to the petition and has neglected to do so. In these circumstances there are more than sufficient reasons for waiving the record-filing requirement.