Clyde H. CUTNER, Plaintiff,

v.

Albert FRIED, Jr., et al., Defendants.

No. 73 Civ. 227–LFM.

United States District Court,
S. D. New York.

June 18, 1976.

Milberg & Weiss, New York City, by Melvyn I. Weiss and Jerome M. Congress, New York City, for plaintiff.

Cleary, Gottlieb, Steen & Hamilton, New York City, by George J. Grumbach, Jr., New York City, for the Fried defendants.

Milbank, Tweed, Hadley & McCloy, New York City, by Bricoe R. Smith, New York City, for The New York Stock Exchange, Inc.

## OPINION

MacMAHON, District Judge.

Plaintiff, Clyde H. Cutner, moves for an order permitting the late filing of an amended complaint in this action charging defendants with violations of the securities laws. The motion is denied and the action is dismissed with prejudice, pursuant to Rule 41(b), Fed.R.Civ.P., for failure to prosecute and to comply with the order of this court.

This action was originally commenced by the filing of a complaint on January 12, 1973, more than three years ago. The complaint, in the form of a class action, alleged various violations of the securities laws in connection with the suspension in trading by defendants of the stock of Skyline Corporation in December 1972.

Plaintiff moved for an order, pursuant to Rule 23, Fed.R.Civ.P., certifying this action as a class action, which was granted in an opinion dated March 13, 1974. On April 8, 1974, we approved a form of notice to be given to class members and ordered that plaintiff "promptly submit to the Court recommendations regarding the method by which class members shall be identified and the mailing of notice effectuated." No such recommendations were submitted and plaintiff did nothing to prosecute the suit for more than a year.

Defendants moved, in July 1975, to decertify the class because of plaintiff's failure to proceed. Mindful that our primary duty was to protect the absent class members, we denied defendants' motion by order dated September 29, 1975 "without prejudice to renewal within 30 days upon a showing that, in the interim, plaintiff has failed to take steps to prosecute this suit diligently."

Plaintiff inexcusably failed to take advantage of this opportunity, and defendants renewed their motion. It became obvious to us that plaintiff was unfit to represent the members of the class, and on November 24, 1975 we filed a memorandum-decision and order decertifying this suit as a class action, citing "plaintiff's total lack of concern with the diligent prosecution of this action." Plaintiff was directed in that order to serve and file an amended complaint within 20 days, striking all class allegations, so that the suit could continue solely on his own behalf.

Plaintiff failed to comply with the time limit imposed. Rather, he attempted to file his amended complaint on February 3, 1976, more than two months after the November 24, 1975 order, but the Clerk justifiably refused to accept it as untimely. This resulted in the present motion, made March 2, 1976.

On oral argument of this motion, plaintiff's counsel was unable to offer any reasonable excuse for the flagrant neglect to comply with our order. It was asserted that plaintiff and his counsel had contemplated an appeal from the decertification of the class, and that the 20-day deadline was simply missed by "inadvertence." Thus, we are faced with an action, now pending more than 40 months, which is still in the pleading stages, due solely to plaintiff's inexcusable failure diligently to prosecute his claims and to comply with the duly issued orders of the court.

Mr. Justice Harlan, in *Link v. Wabash R. R.*, 370 U.S. 626, 629–630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962), stated:

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of *nonsuit* and *non prosequitur* entered at common law . . . and dismissals for want of prosecution of bills in equity . . . ." (Footnotes omitted.)

Rule 41(b), Fed.R.Civ.P., recognizes the power of the trial court to dismiss an action for "failure of the plaintiff to prosecute or to comply with these rules or any order of court . . . ." Such dismissal may occur either on motion of defendant or by the court *sua sponte* [1] and is committed to the sound discretion of the trial court.[2]

There are many examples of the exercise of this power. In *Theodoropoulos v. Thompson-Starrett Co.*, 418 F.2d 350 (2d Cir. 1969), *cert. denied*, 398 U.S. 905, 90 S.Ct. 1697, 26 L.Ed.2d 65 (1970), plaintiff, who had received an extension of time to file a note of issue, allowed the period to lapse, resulting in a dismissal of his complaint. The trial court vacated this dismissal on plaintiff's motion on condition that plaintiff file a note of issue within 15 days. Again, plaintiff permitted the time to lapse, and again the complaint was dismissed. Our Court of Appeals affirmed the dismissal, finding that the trial court had not abused its discretion and that it was a clear case of inexcusable neglect.

The same considerations apply in the present case. Our order directing the filing of the amended complaint within 20 days

---

1. *Link v. Wabash R. R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

2. See *Link v. Wabash R. R., supra*, 370 U.S. at 633, 82 S.Ct. 1386; *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972); *Theodoropoulos v. Thompson-Starrett Co.*, 418 F.2d 350 (2d Cir. 1969), *cert. denied*, 398 U.S. 905, 90 S.Ct. 1697, 26 L.Ed.2d 65 (1970); 5 J.

was clear and unequivocal.[3] Plaintiff cannot claim that he was unaware of the order, as his counsel admits that an appeal was contemplated. Nor did he make any request for an extension of time before the period had expired. And the record of this case, as noted above, demonstrates that plaintiff has been guilty of protracted delay occasioned only by his own inexcusable neglect.

Plaintiff asserts, however, that he should, nonetheless, be permitted to file his amended complaint since the defendants have not been prejudiced. Even if true, this assertion is unpersuasive since, "[t]he operative condition of the Rule [41(b)] is lack of due diligence on the part of the plaintiff—not a showing by the defendant that it will be prejudiced . . . ."[4]

A trial judge is entrusted by the public with the duty to see to the disposition of cases as promptly as the particular circumstances allow. To permit plaintiff to file his amended complaint when it pleases him to do so, especially in light of his unexcused noncompliance with the order of this court and the overall history of this action, would violate the public trust that we bear.

If litigants and their counsel do not heed the orders of the court, which are intended to facilitate the prompt and orderly disposition of civil cases, congested chaos in the court's calendar is the inevitable result. This chaos will necessarily affect the court's ability to control both its civil, and, more importantly, its criminal calendar. Rule 50(b) of the Federal Rules of Criminal Procedure, the Speedy Trial Act (18 U.S.C. §§ 3161 et seq.), and the Plan for Achieving Prompt Disposition of Criminal Cases of the Southern District, superimpose deadlines in all criminal cases, deadlines that cannot be met if the court's attempts to keep its civil cases on an orderly schedule are frustrated.

It is high time that litigants and members of the bar learn that busy trial courts responsible for the disposition of hundreds of cases do not issue orders for no purpose and that litigants who inexcusably disregard those orders must suffer the just consequences of their conduct.

Accordingly, plaintiff's motion for an order permitting the late filing of an amended complaint is denied. The action is hereby dismissed with prejudice, pursuant to Rule 41(b), Fed.R.Civ.P., for failure to prosecute and to comply with the order of this court.

So ordered.

Moore, Federal Practice para. 41.11[2] at 1125 (2d ed. 1976).

**3.** We customarily state the overall disposition of a motion and all directions to counsel in the final paragraph of our memorandum-decisions to prevent any confusion as to what has been decided and what the parties are required to do. This was true of our November 24, 1975 order.

**4.** *Klein v. Spear, Leeds & Kellogg,* 65 F.R.D. 406, 410 (S.D.N.Y.1974). See also *Theodoropoulos v. Thompson-Starrett Co., supra,* 418 F.2d at 353.