782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EARLENE POLYAK, Plaintiff-Appellant,
v.
FRANK HULEN AND WILMA LESNANSKY, Defendants-Appellees.
 85-5101, 85-5147
 United States Court of Appeals, Sixth Circuit.
 12/17/85
 ORDER
 
 1
 BEFORE: KENNEDY and KRUPANSKY, Circuit Judges; and SUHRHEINRICH, District Judge.*
 
 
 2
 In these two appeals, a Michigan pro se plaintiff attempts to appeal from a district court order setting an amount of costs and attorney fees awarded to the defendants under Rule 11, Federal Rules of Civil Procedure. The determination that plaintiff should be liable for the costs and attorney fees has already been reviewed by this Court in case no. 85-5032, and that determination is not again before us in these appeals. For the reasons which follow, the Court concludes that the amount of the costs and fees is proper and reasonable under the circumstances of this case.
 
 
 3
 Initially, it is apparent that this Court lacks jurisdiction over the appeal docketed under case no. 85-5101 because plaintiff's notice of appeal was filed during the pendency of her timely motion to dismiss the order setting the amount of costs and fees. Since the motion to dismiss challenged the correctness of the order, it is construed as a time-tolling motion to alter or amend authorized under Rule 59(e), Federal Rules of Civil Procedure. Miller v. Leavenworth-Jefferson Elec. Co-op., 653 F.2d 1378, 1380 (10th Cir. 1981); Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978); Theodoropoulos v. Thompson-Starrett Co., 418 F.2d 350, 353 (2d Cir. 1969). Since plaintiff's notice of appeal was filed while the motion was still pending in the district court, the notice of appeal was rendered a nullity by operation of Rule 4(a), Federal Rules of Appellate Procedure. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam).
 
 
 4
 The Court does, however, have jurisdiction in case no. 85-5147 to review the district court's order setting the amount of costs and attorney fees. The district court's marginal entry on the plaintiff's motion to dismiss is construed as an order actually denying the motion without prejudice for lack of jurisdiction. With the denial of the motion, the district court's underlying judgment setting the amount of the costs and fees becomes reviewable in this appeal. Cf. Peabody Coal Co. v. Local U. Nos. 1734, 1508 & 1548, U.M.W., 484 F.2d 78, 81 (6th Cir. 1973).
 
 
 5
 Upon review of the order in light of the arguments raised by the parties in the district court and in their appellate briefs, this Court concludes that the amount awarded is proper and reasonable in this case. Although the district court denied the defendants their costs and fees as generated in this plaintiff's attempt to remove another case to the federal bar, it is apparent that work performed even before the filing date of plaintiff's federal suit can be compensable in this case because the work was performed in anticipation and preparation for the defendants' defense to plaintiff's suit. Certainly, defense counsel assumed the risk that plaintiff's suit may not have been filed when he performed the anticipatory legal work; however, after it was filed, there is no reason now why the work should go by the wayside when plaintiff's suit warrants the assessment of costs and fees against the plaintiff for bringing the suit in the first place. As to the plaintiff's arguments that certain telephone calls and other work were of a personal and not legal nature, we note the bitter exchange of letters between plaintiff and counsel for the defendants in the district court on this matter, and decide that it was not clearly erroneous for the district court to accept counsel's version of the facts in this case.
 
 
 6
 For these reasons, this panel unanimously agrees that oral argument is not necessary in these appeals. Rule 34(a), Federal Rules of Appellate Procedure. The plaintiff's motion for injunction is, accordingly, denied. The defendants' request for costs and attorney fees in these two appeals under Rule 38, Federal Rules of Appellate Procedure, is also expressly denied. The appeal docketed in case no. 85-5101 is hereby dismissed for lack of jurisdiction pursuant to Rule 9(d)(1), Rules of the Sixth Circuit; and, the district court's order setting the amount of costs and fees reviewable in case no. 85-5147 is hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation