UNITED STATES of America,
Plaintiff, Appellee,

v.

ONE URBAN LOT, etc., et al.,
Defendants, Appellees.

Appeal of Alicia RIVERA–MARTINEZ,
Claimant, Appellant.

No. 88–2105.

United States Court of Appeals,
First Circuit.

Argued April 7, 1989.
Decided Aug. 16, 1989.

Carlos M. Mangual Lopez, for claimant, appellant.

Eduardo E. Toro Font, Asst. U.S. Atty., Bayamon, P.R., with whom Daniel F. Lopez–Romo, U.S. Atty., Hato Rey, P.R., was on brief, for U.S.

Before BOWNES and SELYA, Circuit Judges, and CAFFREY,* Senior District Judge.

CAFFREY, Senior District Judge.

Although this appeal comes before the Court on the substantive issues raised by the civil forfeiture action through which the claimant-appellant's home was forfeited to the federal government, we must begin and end by answering one question: whether the appellant timely filed her post-judgment motions below. We find that the appellant's notice of appeal was timely only as to the District Court's denial of her motion to vacate. As we find no abuse of discretion in the Court's decision, the ruling below should be affirmed. Because there is some confusion in the pleadings concerning the effect of post-judgment motions on appellate jurisdiction, we detour briefly through the Federal Rules of Civil Procedure in order to clarify the proper steps that must be taken to preserve the merits of a district court judgment for later review.

## I. The Record Below

The pertinent facts are easily summarized:

1. On May 19, 1988, the claimant-appellant, Alicia Rivera Martinez, was served with a seizure warrant, a copy of the complaint, a warrant for arrest *in rem*, and a warrant for seizure and monition.

2. On June 13, 1988—twenty-five (25) days after service of process—the appellant filed a motion for extension of time to file an answer and a motion to intervene.

3. On July 15, 1988, the United States filed a motion to strike all pleadings filed on behalf of the appellant.

4. On July 29, 1988, the District Court granted the United States' motion to strike and entered a partial decree of forfeiture whereby the property at issue was forfeited to the federal government.

5. On August 30, 1988—thirty-two (32) days after the District Court entered the forfeiture decree—appellant filed a motion to vacate the Court's order to strike the appellant's pleadings. The Court denied this motion.

6. On October 7, 1988—a full seventy (70) days after the forfeiture decree was entered—the appellant filed a notice of appeal.

## II. The Rules

Rule 4(a) of the Federal Rules of Appellate Procedure establishes several different paths to appellate jurisdiction in civil cases. Subsection (1) requires that, when the government is a party to the action, the notice of appeal must be filed within sixty days of the judgment or order being appealed.[1] Subsection (4), however, provides

---

* Of the District of Massachusetts, sitting by designation.

**1.** Federal Rule of Appellate Procedure 4(a)(1) provides that:

In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of

that certain types of post-judgment motions, if timely filed with the district court, will toll the period for filing the notice of appeal until the district court has disposed of the motion.[2] Except for those specified in subsection (4), all other post-judgment motions do not suspend the time limits outlined in Rule 4(a)(1). Rule 6(b) of the Federal Rules of Civil Procedure expressly prohibits any enlargement of the time for taking any action specified in Rule 4(a)(4).[3]

Describing how Rule 4(a) operates is easier than applying it, particularly in cases such as this one, where we confront not only timing problems, but also appellant's failure to identify the rule or rules upon which her motions are based. The United States Supreme Court has ruled that the substance, and not the nomenclature, of a post-judgment motion determines whether appellate jurisdiction has attached pursuant to Rule 4(a). *Browder v. Director, Ill. Dept. of Corrections*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). Thus, we turn next to an examination of the substance of appellant's motions.

On July 29, 1988 the District Court issued two orders: the first striking the appellant's pleadings, and the second entering a partial decree of forfeiture of the proper-

ty at issue.[4] Mysteriously, appellant did not file a motion to set aside the default decree of forfeiture, as permitted by Rule 55(c).[5] Instead, appellant styled her post-judgment motion a "Motion to Vacate Order" and attacked only the Court's order striking her pleadings. This could be viewed as a Rule 52(b) motion to amend findings or make additional findings, or a Rule 59(e) motion to alter or amend judgment. *Browder,* 434 U.S. at 262 n. 5, 98 S.Ct. at 559 n. 5. However, both rules expressly require that the motion be filed "not later than 10 days after entry of the judgment."[6] In such circumstances, "[b]ecause of the functional similarity between the rules, courts have treated untimely Rule 59 motions as filed under Rule 60 ..., and Rule 60(b) motions filed within ten days of judgment as under Rule 59." *Jackson v. Schoemehl*, 788 F.2d 1296, 1298 (8th Cir.1986) (citing *Snowden v. D.C. Transit System, Inc.*, 454 F.2d 1047, 1048 n. 4 (D.C.Cir.1971), and *Theodoropoulos v. Thompson–Starrett Co.*, 418 F.2d 350, 353 (2d Cir.1969), *cert. denied*, 398 U.S. 905, 90 S.Ct. 1697, 26 L.Ed.2d 65 (1970)). *See also Venen v. Sweet*, 758 F.2d 117, 122 (3d Cir.1985); *Smith v. United States Parole Com'n*, 721 F.2d 346, 348 (11th Cir.1983) ("We recognize that, in the context of mo-

appeal may be filed by any party within 60 days after such entry.

2. Section 4(a)(4) of the Federal Rules of Appellate Procedure provides that:

If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above ...

3. Rule 6(b) of the Federal Rules of Civil Procedure provides that the district court "may not extend the time for taking any action under Rules 59(b) and (c)(2), 52(b), 59(b), (d) and (e),

60(b), and 74(a), except to the extent and under the conditions stated in them."

4. This procedure apparently is not unusual in forfeiture proceedings. *See, e.g., United States v. 1982 Sanger 24' Spectra Boat,* 738 F.2d 1043, 1045 (9th Cir.1984).

5. Rule 55(c) of the Federal Rules of Civil Procedure, entitled "Setting Aside Default," provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

6. Rule 59(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59.

Rule 59(e) contains a similar provision: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

tions under Rules 59 and 60, a party's label is not binding on the court."). That the Court below denied the motion, rather than dismissing it as untimely by twenty-two days, also suggests that it viewed the claimant's motion as falling within Rule 60(b). Rule 60(b) permits the court, "[o]n motion and upon such terms as are just," to relieve a party from a final judgment for any of six enumerated reasons.[7] The Rule sets no time limit and requires only that "[t]he motion shall be made within a reasonable time."

■ If, most charitably viewed, the appellant's motion to vacate was based on Rule 60(b), the law concerning appeal is clear: "A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." Fed.R.Civ.P. 60(b). The Supreme Court explains:

> Rule 60(b), unlike Rules 52(b) and 59, does not contain a 10–day time limit. A motion for relief from judgment under Rule 60(b), however, does not toll the time for appeal from, or affect the finality of, the original judgment. . . . A timely appeal may be taken under [Rule] 4(a) from a ruling on a Rule 60(b) motion. The Court of Appeals may review the ruling only for an abuse of discretion, however, and an appeal from the denial of Rule 60(b) relief does not bring up the underlying judgment for review.

*Browder*, 434 U.S. at 263 n. 7, 98 S.Ct. at 560 (citations omitted). Thus, if appellant wished to preserve the original judgment for appeal and review on the *merits*, she had to pursue two paths simultaneously: her Rule 60(b) motion before the district court, and her notice of appeal to this court—within sixty days of the court's forfeiture default decree. *Textile Banking Co. v. Rentschler*, 657 F.2d 844, 849–50 (7th Cir.1981) (citing *Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39, 42 (1st Cir.1979)); Annotation, *Tolling the Time for Filing Notice of Appeal in Civil in Federal Court Under Rule 4(a)(4) of Federal Rules of Appellate Procedure*, 74 A.L.R. Fed. 516 (1985). As the record demonstrates, a full seventy days elapsed between the District Court's order and the filing of the appellant's notice of appeal. Thus, only the District Court order denying the appellant's motion to vacate is properly before us. As we recently observed, "a punctual appeal from an order denying such a motion does not automatically produce a Lazarus-like effect; it cannot resurrect appellant's expired right to contest the merits of the underlying judgment, nor bring the judgment itself before us for review." *Rodriguez–Antuna v. Chase Manhattan Bank*, 871 F.2d 1, 2 (1st Cir. 1989).

■ We review rulings on Rule 60(b) motions under the abuse of discretion standard, keeping in mind that Rule 60(b) contains "extraordinary relief" which should be granted "only under exceptional circumstances," *Lepore v. Vidockler*, 792 F.2d 272, 274 (1st Cir.1986), and that "motions to set aside default judgments are left to the sound discretion of the district court and that appellate courts will not reverse the district court's decision unless clearly wrong." *United States v. One Urban Lot Located at 1 Street A–1*, 865 F.2d 427, 429 (1st Cir.1989). Given the appellant's history of tardy filings, neglect of the Federal Rules of Civil Procedure, and failure to

---

**7.** Rule 60(b) of the Federal Rules of Civil Procedure provides that:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judg- ment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

formulate a recognizable argument under Rule 60(b), the District Court did not abuse its discretion in refusing to reopen the judgment.

*Affirmed.*